UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
UNITED STATES OF AMERICA

    -against-

JOSE NEGRON et al.,

             Defendants.
----------------------------------------------------------x

CORRECTED
MEMORANDUM
and
ORDER

99-CR-01044 (JBW)

Jack B. Weinstein, Senior United States Judge

    Defendant Rafael Gonzales moves to reduce his sentence pursuant to Section 3582(c)(2) of Title 18 of the United States Code. Counsel was appointed for him. His counsel has not substantially added to the defendant's cogent written submission. The government opposes the motion. Oral argument added little to the papers. The motion is denied for the reasons stated below.

    The essence of defendant's argument is that the court double-counted the brandishing of firearms when it sentenced him on March 14, 2001 to 121 months under the guidelines. Added to the sentence was seven years consecutive based upon brandishing of a firearm. *See* 18 U.S.C. §924 (c)(A)(ii).

    A district court, may, "<u>after considering the applicable factors in Section 3553(a)</u>," reduce a defendant's sentence when the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" 18 U.S.C. §3582(c)(2) (emphasis added). Arguably, the court may reduce his sentence by applying the Sentencing Commissioner's Amendment 599 to the Guidelines retroactively.

1



Section 1B1.10(c) of the Guidelines specifies which amendments a defendant may invoke as the basis for a sentence reduction under §3582 (c)(2). *See United States v. Perez,* 129 F.3d 255, 259 (2d Cir. 1997). Amendment 599 is listed in Section 1B1.10(c).

Subsequent to the sentence, amendment 599 added the following paragraph to Application Note 4 of Section 2K2.4, which governs the offense-level calculation for Section 924(c) convictions:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for possession, brandishing, use, or discharge of an explosive or firearm when determining the sentence for the underlying offense. A sentence under this guideline accounts for any explosive or weapon enhancement for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under §1B1.3 (Relevant Conduct). Do not apply any weapon enhancement in the guideline for the underlying offense, for example, if (A) a co-defendant, as part of the jointly undertaken criminal activity, possessed a firearm different from the one for which the defendant was convicted under 18 U.S.C. §924(c); or (B) in an ongoing drug trafficking offense, the defendant possessed a firearm other than the one for which the defendant was convicted under 18 U.S.C. 924(c). However, if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. 924(c) conviction.

Additional guidance is provided in the Reason for the Amendment, which explains that "no guideline weapon enhancement should be applied when determining the sentence for the crime of violence or drug trafficking offense underlying the 18 U.S.C. §924(c) conviction, nor for any conduct with respect to that offense for which the defendant is accountable under [Section] 1B1.3 (Relevant Conduct)." Amend 599, Reason for Amendment, U.S.S.G. App. C at 72.

As already noted, in deciding whether to change the sentence, the court must consider

2

"the applicable factors in Section 3553(a)" of Title 18. That section requires consideration of a series of factors - - each of which was considered at the time of the original sentencing, and is now reconsidered by the court. The factor of overriding significance is 3553(a)(1) and (a)(2)(B) - - namely, general deterrence against future like-crimes by persons other than this defendant.

As briefly rehearsed by the court in the hearing of March 14, 2007, the court was fully familiar with th details of this case. *See* Transcript March 14, 2007. It had conducted a related trial, a suppression hearing, read the extended plea allocution before the Magistrate Judge, conducted a Fatico hearing at sentence, and heard extensive testimony from the victims at the time of sentencing.

Several guns had been used by the gang of which defendant was a member in at least three separate crimes. Robberies of several check cashing stores in Brooklyn were conducted by them. They kidnaped a father and his family in Brooklyn, tortured the father with a stun gun, and threatened to kill the wife. In a Manhattan crime they broke into a home, terrorized a husband and wife and their two children, ransacked the home and hanged the father by his arms in the bathroom. In general, under the influence of drugs they conducted a wild and continuing crime rampage putting many people at risk.

The sentence that was imposed is the minimum that the court would now consider, however good the defendant's conduct has been since the sentence.

The motion for a reduction of sentence is denied pursuant to Sections 3553(a) and 3582(c)(2) of Title 28, and the Sentencing Guidelines.

The court takes no position on whether the defendant's voluntary limitation in his plea

agreement on his right to appeal prevents an appeal from the instant decision. Defense counsel is directed to protect whatever rights defendant has to appeal. *See* letter of assigned defense counsel dated March 26, 2007.

SO ORDERED

_____
Jack B. Weinstein
Senior United States District Judge

Dated: Brooklyn, N.Y.
      January 2, 2008